UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:06-CR-97 |
| | § | |
| FLOYD EDWARD WILLIAMS | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed July 3, 2006, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I. The Original Conviction and Sentence**

Defendant was sentenced on February 14, 2005, before The Honorable George P. Kazen, U.S. District Court of the Southern District of Texas after pleading guilty to the offense of transporting illegal aliens within the United States for private financial gain, a Class D felony. This offense carried a statutory maximum imprison-

ment term of 10 years. The guideline imprisonment range, based on a total offense level of 18 and a criminal history category of III, was 15 to 21 months. Defendant was subsequently sentenced to 18 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include 75 hours of community service within the first year of supervision and a $100 special assessment.

## II. The Period of Supervision

On February 14, 2005, defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Beaumont Division. On February 13, 2006, District Judge Kazen modified defendant's conditions of supervised release to include home detention with electronic monitoring for no less than 180 days.

On July 14, 2006, jurisdiction transferred in this case from the Southern District of Texas, Laredo Division, to the Eastern District of Texas, Beaumont Division. Defendant's case was assigned to The Honorable Ron Clark, U.S. District Judge for the Eastern District of Texas.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on July 3, 2006. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Standard Condition (1): | Defendant shall not leave the judicial district without the permission of the court or probation officer. |
| Special Condition: | Defendant shall be placed on home detention for a period not to exceed 180 days. During this time, defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. At the direction of the probation officer, defendant shall also wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. |

As grounds, the petition alleges that defendant was arrested for driving while intoxicated on December 24, 2005, and pled guilty to the offense on January 11, 2006; on December 24, 2005, defendant traveled to Crosby, Harris County, Texas, which is outside the Eastern District of Texas, without permission from the court or his probation officer; and on 15 separate occasions from April 23, 2006, to June 10, 2006, defendant failed to follow the electronic monitoring curfew schedule by leaving his residence after curfew.

### IV.  Proceedings

On July 17, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegations that he violated a special condition of supervised release by failing to follow an electronic monitoring curfew schedule and leaving his residence after curfew on April 23, 2006, and June 10, 2006. In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose three (3) months imprisonment; followed by a twenty-four (24) month period of supervised release for which the first one-hundred-and-twenty (120) days will be served in a Residential Re-entry Center.

Pursuant to that agreement, defendant pleaded "true" to allegations that he violated a special condition of supervised release by failing to follow an electronic monitoring curfew schedule and leaving his residence after curfew on April 23, 2006, and June 10, 2006.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release

supervision.  The original offense of conviction was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated conditions of supervised release by failing to follow an electronic monitoring curfew schedule and remain at his place of residence after curfew on April 23, 2006, and June 10, 2006, defendant will be guilty of committing Grade C violations.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.  Further, according to U.S.S.G. § 7B1.3(c)(1), when the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegations that he violated conditions of supervised release by failing to follow an electronic monitoring curfew schedule and remain at his place of residence after curfew on April 23, 2006, and June 10, 2006.

Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 5 to 11 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to follow an electronic monitoring curfew schedule on April 23, 2006, and June 10, 2006. As such, incarceration appropriately addresses defendant's violation.

### RECOMMENDATIONS

1. The court should find that defendant violated a special condition of supervised release, by failing to follow an electronic monitoring curfew schedule and remain at his place of residence after curfew on April 23, 2006, and June 10, 2006, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of three (3) months.

4. Upon release of imprisonment, defendant should be placed on supervised release for a term of twenty-four (24) months, with the first one-hundred-and-twenty (120) days of the term of supervised release to be served in a Residential Re-entry Center. Within seventy-two (72) hours of release from custody of the Bureau of Prisons, defendant should report in person to the probation office

in the district to which defendant is released. While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

   a. Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring employment.

   b. Defendant shall reside in and participate in the community corrections component of a Residential Re-entry Center, as instructed, until successfully discharged by the center director, but no longer than 120 days from admission. Defendant shall abide by all rules and regulations of the center and shall be required to pay subsistence to the Residential Re-entry Center.

   c. Defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

   d. Defendant shall be required to submit to a drug test within fifteen (15) days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

   e. Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

   f. Defendant shall be required to pay outstanding electronic monitoring fees in the amount of $429.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this  18  day of July, 2006.

_____
Earl S. Hines
United States Magistrate Judge